## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JOENELLE HAWTHORNE,

      Petitioner,                Civil No. 2:12-CV-13243
                                    HONORABLE VICTORIA A. ROBERTS
v.                               UNITED STATES DISTRICT JUDGE

STEVE RIVARD,

      Respondent,
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS*

      Joenelle Hawthorne, ("Petitioner"), confined at the St. Louis Correctional Facility in St. Louis, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for first-degree premeditated murder, M.C.L.A. 750.316(1)(a), first-degree felony murder, M.C.L.A. 750.316(1)(b), felonious assault, M.C.L.A. 750.82, and possession of a firearm in the commission of a felony. M.C.L.A. 750.227b.

      For the reasons that follow, the petition for writ of habeas corpus is DENIED.

### I. Background

      A jury convicted Petitioner in Wayne County Circuit Court. Petitioner was tried jointly with co-defendant Dionte Marquis Neal. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith*, 581 F. 3d 410,

1

413 (6th Cir. 2009):

> Defendants' convictions arise from the fatal shooting of Fred Mumford. Mumford's roommate, Arthur Stakley, had previously allowed three men to enter Mumford's house under the pretense that they were there to meet Mumford. When Mumford returned shortly thereafter, he was shot while entering the house. He received eight gunshot wounds, causing his death. The principal issue at trial was Stakley's identification of defendants Hawthorne and Neal as the two shooters.
>
> *************************************************************
>
> At trial, Stakley testified that there were two shooters, and identified Hawthorne as the taller of the two shooters. Stakley identified Hawthorne as the taller shooter in a pretrial photographic array, but then also identified David Jenkins as the taller shooter in a second photographic array. Stakley also identified Hawthorne at Hawthorne's preliminary examination, but again also identified Jenkins as the taller shooter when Stakley appeared at a second preliminary examination. When Stakley was shown photographs of both Jenkins and Hawthorne together, however, he stated that Hawthorne was the taller shooter.
>
> *************************************************************
>
> Contrary to what Hawthorne argues, the circumstances support an inference of premeditation and deliberation. Viewed in a light most favorable to the prosecution, the evidence indicated that Hawthorne and two others went to Mumford's house, confronted Stakley, and forced their way inside. When Mumford returned shortly thereafter, he was shot by Hawthorne and Neal while entering the house, while his key was still in the door. The evidence that Hawthorne and Neal ambushed Mumford as he was entering the house, that Mumford was in a defenseless position when he was shot, and that Hawthorne and Neal acted in concert supports an inference that the killing was deliberate and premeditated.

*People v. Hawthorne,* No. 280289, Slip. Op. at 2, 4-5 (Mich.Ct.App. February 24, 2009).

Petitioner's conviction was affirmed on appeal, but the case was remanded to modify the judgment of sentence to reflect a single conviction for first-degree murder, supported by alternative theories. *Id., lv. den.* 485 Mich. 871, 771 N.W.2d 790 (2009).

2

Petitioner filed a post-conviction motion for relief from judgment, which was denied. *People v. Hawthorne,* No. 07-005557-01 (Wayne County Circuit Court, July 30, 2010).  Petitioner's post-conviction appeal was denied. *People v. Hawthorne,* No. 303303 (Mich.Ct.App. September 13, 2011); *lv. den.* 491 Mich. 885, 809 N.W.2d 575 (2012).

Petitioner seeks a writ of habeas corpus on the following grounds: (1) The evidence was insufficient to establish Petitioner's identity, (2) trial counsel was ineffective for failing to request the appointment of an expert in eyewitness identification, (3) the evidence was insufficient to prove premeditation and deliberation, (4) Petitioner's convictions for first-degree premeditated murder and first-degree felony murder violate double jeopardy, (5) trial counsel was ineffective for: (a) failing to call alibi witnesses, (b) failing to present a defense, and (c) failing to argue the third party culpability of Arthur Stakley, (6) prior to trial the prosecutor failed to disclose six disks of recorded telephone calls of Petitioner from the jail, (7) the trial court erred in denying Petitioner's motion for a directed verdict, (8) appellate counsel was ineffective, (9) Petitioner was constructively denied the assistance of counsel at his preliminary examination when substitute counsel appeared in place of his court-appointed attorney, had not met with Petitioner prior to the preliminary examination, and did not request a continuance, (10) the trial judge pierced the veil of judicial impartiality by: (a) referring to Mr. Mumford as the victim and (b) by invading the province of the jury by stating several times that someone had been killed and the only issue was the identity of the perpetrators, (11) the trial judge failed to instruct the jurors on CJI 2d 3.7 and CJI 3.22 and trial counsel was ineffective for failing

3

to object to the absence of these instructions, and (12) the prosecutor committed

misconduct for vouching for his witness, and trial counsel was ineffective for failing to

object.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas

cases:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim–
>
> > (1)      resulted in a decision that was contrary to, or
> > involved an unreasonable application of, clearly established
> > Federal law, as determined by the Supreme Court of the
> > United States; or
> > (2)      resulted in a decision that was based on an
> > unreasonable determination of the facts in light of the
> > evidence presented in the State court proceeding.

 A decision of a state court is "contrary to" clearly established federal law if the

state court arrives at a conclusion opposite to that reached by the Supreme Court on a

question of law or if the state court decides a case differently than the Supreme Court has

on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06

(2000).  An "unreasonable application" occurs when "a state court decision unreasonably

applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A

federal habeas court may not "issue the writ simply because that court concludes in its

4

independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)(quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the

5

AEDPA, does not completely bar federal courts from relitigating claims previously rejected in state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979)(Stevens, J., concurring in judgment)).   Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford,* 537 U.S. at 24.   Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-87.

### III.  Discussion

### A.  Claims # 1, # 3, and # 7.  Insufficiency of evidence.

Petitioner alleges in his first, third, and seventh claims that the evidence was insufficient to convict him. [1]

It is beyond question that "the Due Process Clause protects the accused against

---

[1]  Petitioner's seventh claim regarding the trial court's failure to direct a verdict of acquittal should be construed by a reviewing court as an attack on the sufficiency of evidence to convict. *See e.g. United States v. Cope,* 312 F. 3d 757, 778 (6th Cir. 2002).  Petitioner's seventh claim is basically a reiteration of his first and third claims.

conviction except upon proof beyond a reasonable doubt of every fact necessary to

constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970).

But the critical inquiry on review of the sufficiency of the evidence to support a criminal

conviction is, "whether the record evidence could reasonably support a finding of guilt

beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).  This

inquiry, however, does not require a court to "ask itself whether *it* believes that the

evidence at the trial established guilt beyond a reasonable doubt."  Instead, the relevant

question is whether, after viewing the evidence in the light most favorable to the

prosecution, *any* rational trier of fact could have found the essential elements of the

crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote

omitted)(emphasis in the original).

A federal habeas court may not overturn a state court decision on a sufficiency of

the evidence claim simply because the federal court disagrees with the state court's

resolution of that claim.  Instead, a federal court may grant habeas relief only if the state

court decision was an objectively unreasonable application of the *Jackson* standard. *See*

*Cavazos v. Smith,* 132 S. Ct. 2, 4 (2011).  "Because rational people can sometimes

disagree, the inevitable consequence of this settled law is that judges will sometimes

encounter convictions that they believe to be mistaken, but that they must nonetheless

uphold." *Id.*  In fact, the *Jackson* standard "is so demanding that '[a] defendant who

challenges the sufficiency of the evidence to sustain his conviction faces a nearly

insurmountable hurdle.'" *Davis v. Lafler*, 658 F. 3d 525, 534 (6th Cir. 2011)(quoting

7

*United States v. Oros*, 578 F. 3d 703, 710 (7th Cir. 2009)(internal quotation marks

omitted)).  For a reviewing court, "the only question under *Jackson* is whether that

finding was so insupportable as to fall below the threshold of bare rationality." *Coleman*

*v. Johnson*, 132 S.Ct. 2060, 2065 (2012).

Finally, on habeas review, a federal court does not reweigh the evidence or

redetermine the credibility of the witnesses whose demeanor was observed at trial.

*Marshall v. Lonberger*, 459 U.S. 422, 434 (1983).  It is the province of the factfinder to

weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v.*

*Morris*, 972 F. 2d 675, 679 (6th Cir. 1992); a habeas court must defer to the fact finder

for its assessment of the credibility of witnesses. *Matthews v. Abramajtys*, 319 F. 3d 780,

788 (6th Cir. 2003).

In his first claim, Petitioner argues that Arthur Stakley's testimony was

insufficient to prove Petitioner's identity a shooter.

The Michigan Court of Appeals rejected Petitioner's claim:

> Although there were some conflicts and inconsistencies with Stakley's
> identification of Hawthorne as the taller shooter, Stakley provided
> explanations for his prior identifications and inconsistent testimony and
> statements, and the credibility of his identification testimony at trial in light
> of those conflicts and inconsistencies was for the jury to resolve.  Stakley's
> identification testimony was not so incredible that the jury could not believe
> it.  Viewed in a light most favorable to the prosecution, Stakley's testimony
> identifying Hawthorne as the taller of the two shooters was sufficient to
> establish Hawthorne's identification beyond a reasonable doubt.

*Hawthorne,* Slip. Op. at 2.

The evidence was sufficient to convict Petitioner.  Arthur Stakley positively

8

identified Petitioner as his assailant and as one of the two men who shot Fred Mumford.

"[T]he testimony of a single, uncorroborated prosecuting witness or other eyewitness is

generally sufficient to support a conviction." *Brown v. Davis,* 752 F. 2d 1142, 1144 (6th

Cir. 1985)(internal citations omitted).  Stakley's unequivocal identification of Petitioner

as his assailant and as one of Mumford's killers was sufficient to support Petitioner's

convictions. *See Brown v. Burt,* 65 Fed. Appx. 939, 944 (6th Cir. 2003).

In his third claim, Petitioner argues that there was insufficient evidence of

premeditation and deliberation to sustain his first-degree murder conviction.

The prosecutor must prove that a defendant's intentional killing of another was

deliberated and premeditated to obtain a conviction for first-degree murder. *See Scott v.*

*Elo*, 302 F. 3d 598, 602 (6th Cir. 2002)(citing *People v. Schollaert*, 194 Mich. App. 158;

486 N.W.2d 312, 318 (1992)).  The elements of premeditation and deliberation may be

inferred from the circumstances surrounding the killing. *See Johnson v. Hofbauer,* 159 F.

Supp. 2d 582, 596 (E.D. Mich. 2001)(citing *People v. Anderson*, 209 Mich. App. 527,

537; 531 N. W. 2d 780 (1995)).  Premeditation may be established through evidence of

the following factors:

1. the prior relationship of the parties;
2. the defendant's actions before the killing;
3. the circumstances of the killing itself;
4. the defendant's conduct after the homicide.

*Cyars v. Hofbauer,* 383 F. 3d 485, 491 (6th Cir. 2004); *Anderson*, 209 Mich. App. at 527.

Although the minimum time required under Michigan law to premeditate "is

9

incapable of exact determination, the interval between initial thought and ultimate action should be long enough to afford a reasonable man time to subject the nature of his response to a 'second look.'" *See Williams v. Jones,* 231 F. Supp. 2d 586, 594-95 (E.D. Mich. 2002)((quoting *People v. Vail,* 393 Mich. 460, 469; 227 N.W. 2d 535 (1975)).  "A few seconds between the antagonistic action between the defendant and the victim and the defendant's decision to murder the victim may be sufficient to create a jury question on the issue of premeditation." *Alder v. Burt,* 240 F. Supp. 2d 651, 663 (E.D. Mich. 2003).  "[A]n opportunity for a 'second look' may occur in a matter of seconds, minutes, or hours, depending upon the totality of the circumstances surrounding the killing." *Johnson,* 159 F. Supp. 2d at 596 (quoting *People v. Berthiaume*, 59 Mich. App. 451, 456 (1975)).  Premeditation and deliberation may be inferred from the type of weapon used and the location of the wounds inflicted. *See People v. Berry*, 198 Mich. App. 123, 128; 497 N. W. 2d 202 (1993).  Use of a lethal weapon will support an inference of an intent to kill. *Johnson,* 159 F. Supp. 2d at 596 (citing *People v. Turner*, 62 Mich. App. 467, 470; 233 N.W. 2d 617 (1975)).  Finally, premeditation and intent to kill may be inferred from circumstantial evidence. *See DeLisle v. Rivers,* 161 F. 3d 370, 389 (6th Cir. 1998).

Sufficient evidence of premeditation and deliberation was presented at Petitioner's trial.  Evidence that Petitioner and Neal ambushed Mumford in his home supports a finding of premeditation and deliberation. *See Marsack v. Howes,* 300 F. Supp. 2d 483, 492 (E.D. Mich. 2004).  The victim received eight gunshot wounds.  The

10

firing of multiple gunshots at the victim was sufficient to establish premeditation and deliberation. *See Crawley v. Curtis*, 151 F. Supp. 2d 878, 888-89 (E.D. Mich. 2001). The fact that Petitioner and Neal acted in concert is further evidence of premeditation. *See e.g. People v. Jackson,* 292 Mich. App. 583, 589-90, 808 N.W. 2d 541 (2011).

Petitioner is not entitled to habeas relief on his first, third, or seventh claims.

**B.  Claims # 2, # 5, and # 8.  Ineffective assistance of counsel.**

Petitioner alleges that he was denied the effective assistance of trial counsel in his second and fifth claims.  In his eighth claim, Petitioner alleges the denial of the effective assistance of appellate counsel.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*.  In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689.  Second, the defendant must show that such performance prejudiced his defense. *Id*.  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at

694. "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different

result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379

(6th Cir. 2011)(quoting *Harrington*, 131 S. Ct. at 792). The Supreme Court's holding in

*Strickland* places the burden on the defendant who raises a claim of ineffective

assistance of counsel, and not the state, to show a reasonable probability that the result of

the proceeding would have been different but for counsel's allegedly deficient

performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009). The *Strickland* standard

applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v.

Burt,* 395 F. 3d 602, 617 (6th Cir. 2005).

　　　More importantly, on habeas review, "the question 'is not whether a federal court

believes the state court's determination' under the *Strickland* standard 'was incorrect but

whether that determination was unreasonable-a substantially higher threshold.'" *Knowles

v. Mirzayance*, 556 U.S. 111, 123 (2009)(quoting *Schriro v. Landrigan*, 550 U.S. 465,

473 (2007)). "The pivotal question is whether the state court's application of the

*Strickland* standard was unreasonable. This is different from asking whether defense

counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 131 S.

Ct. at 785. Indeed, "because the *Strickland* standard is a general standard, a state court

has even more latitude to reasonably determine that a defendant has not satisfied that

standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. at 664).

12

Pursuant to the § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.* This means that on habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself."*Harrington*, 131 S. Ct. at 785. "Surmounting *Strickland's* high bar is never an easy task." *Id.* at 788 (quoting *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010)).

Petitioner claims that trial counsel was ineffective for failing to request the appointment of an expert witness in eyewitness identification.

Petitioner failed to present any evidence that he has an expert witness on the issue of eyewitness identification. A habeas petitioner's claim that trial counsel was ineffective for failing to call an expert witness cannot be based on speculation. *See Keith v. Mitchell,* 455 F. 3d 662, 672 (6th Cir. 2006).

Moreover, "[N]o precedent establishes that defense counsel must call an expert witness about the problems with eyewitness testimony in identification cases or risk falling below the minimum requirements of the Sixth Amendment." *Perkins v. McKee*, 411 Fed. Appx. 822, 833 (6th Cir. 2011); *See also Dorch v. Smith*, 105 Fed. Appx. 650, 653 (6th Cir. 2004)(upholding as reasonable the Michigan Court of Appeals's conclusion that defense counsel's failure to call an expert witness on eyewitness identification counsel did not satisfy *Strickland*, because counsel "presented several witnesses who testified as to [the habeas petitioner's] whereabouts on the weekend of the incident" and

13

cross-examined the eyewitness regarding inconsistencies in his identification of the

petitioner).  Although counsel did not call an expert witness on the problems of

eyewitness identification, trial counsel cross-examined Stakley regarding his

identification testimony and elicited a number of conflicts and inconsistencies between

Stakley's trial testimony, preliminary examination testimony, his prior statements to the

police, and his photographic identifications.  Petitioner's counsel raised a

misidentification defense at trial through the cross-examination of witnesses and in

closing argument.  Counsel was not deficient in failing to call an expert in eyewitness

identification. *See Greene v. Lafler,* 447 F. Supp. 2d 780, 794-95 (E.D. Mich. 2006).

Petitioner claims that trial counsel was ineffective for failing to investigate or

pursue an alibi defense.

The Michigan Court of Appeals rejected this claim:

> The record does not support Hawthorne's claim that defense counsel failed
> to investigate an alibi defense.  On the contrary, the record indicates that
> defense counsel contemplated presenting an alibi defense, but ultimately
> chose not to do so as a matter of strategy.  According to the prosecutor's
> statements at sentencing, authorities had possession of numerous recorded
> telephone calls that defendant made from jail, which would have undermined
> any alibi defense that was presented.  Further, defendant acknowledged on the
> record at trial that he and defense counsel had discussed the potential alibi
> defense, and that defendant agreed with the decision not to present any alibi
> witnesses.   Given this record, defendant has failed to overcome the
> presumption that an alibi defense was not pursued as a matter of sound trial
> strategy, and there is no basis to conclude that any alibi defense would have
> been substantial.  Thus, Hawthorne has not established that defense counsel
> was ineffective for not presenting an alibi defense.

14

*Hawthorne,* Slip. Op. at 5.

The Michigan Court of Appeals also rejected Petitioner's request for an

evidentiary hearing on his claim:

> Hawthorne alternatively requests that this Court remand this case for an
> evidentiary hearing on his ineffective assistance of counsel claim.  However,
> the letters from his family simply indicate that there were possible alibi
> witnesses, which is not disputed.  The record discloses that an alibi defense
> was not pursued as a matter of trial strategy, not because Hawthorne did not
> have witnesses who were willing to support it.  Because Hawthorne's
> affidavit is unsigned, we decline to consider it.  Accordingly, we decline
> Hawthorne's request for a remand.

*Hawthorne,* Slip. Op. at 6, n. 3 (internal citations omitted).

Petitioner failed to present any sworn affidavits from any of his alibi witnesses to

the state courts.  Petitioner simply provided an unsworn affidavit from himself and letters

purportedly from family members which were not notarized. [2]  None of these letters has

been authenticated, thus, Petitioner cannot use them to prove his ineffective assistance of

counsel claim. *See Clark v. Waller,* 490 F. 3d 551, 553, 558 (6th Cir. 2007)(counsel's

alleged failure to call or obtain the testimony of witness, who was allegedly present in

room when shooting occurred, was not prejudicial to defendant, and thus was not

ineffective assistance of counsel; despite defendant's attempt to introduce in state

post-conviction proceedings a purported type-written affidavit of the witness, who

unexpectedly died prior to the trial, the affidavit was unauthenticated and there was no

---

[2]  Petitioner's unsworn affidavit and the letters are part of this Court's Dkt. 9-12.

15

basis for concluding that the outcome of the trial would have been different had the testimony been secured and admitted).

Petitioner also failed to show that trial counsel was ineffective for failing to rely upon an alibi defense. Under *Strickland*, a court must presume that decisions by counsel as to whether to call or question witnesses are matters of trial strategy. *See Hutchison v. Bell*, 303 F. 3d 720, 749 (6th Cir. 2002). Authorities had recorded telephone calls from Petitioner at the jail that could have undermined his alibi defense. Petitioner does not dispute this fact nor did he show that the tapes of these telephone calls were not made available to trial counsel at some point during trial. Petitioner's alibi defense could have been impeached with these telephone calls from the jail. Counsel was not ineffective in failing to call alibi witnesses, where counsel was aware of information that could discredit the alibi defense, thus leading to the presumption that counsel's decision to omit an alibi defense was trial strategy. *See United States v. Foreman,* 323 F. 3d 498, 503 (6th Cir. 2003)(failure to call an alibi witness was reasonable trial strategy where counsel had a reasonable basis to believe that the witness's testimony was fabricated and that such fact would be exposed on cross-examination).

Petitioner contends that trial counsel failed to present any defense at all. The Michigan Court of Appeals rejected Petitioner's claim:

> [H]awthorne's argument ignores the defense position that the prosecution had not met its burden of proof. Defense counsel aggressively cross-examined the prosecution's primary witness, Stakley, and argued that his testimony was so inconsistent that it could not be believed, thereby requiring a verdict of not

16

guilty.  Thus, there is no basis for concluding that defense counsel was ineffective for this reason.

*Hawthorne,* Slip. Op. at 5-6.

Petitioner failed to establish a particular defense theory that counsel should have raised.  In the absence of any viable defense theory, counsel was not ineffective in simply pursuing a "general reasonable doubt defense" which attacked the strength of the prosecutor's case. *See Kowalak v. Scutt,* 712 F. Supp. 2d 657, 702 (E.D. Mich. 2010).

Petitioner claims that trial counsel was ineffective for failing to pursue a theory that Stakley was the actual shooter.  The Michigan Court of Appeals rejected this claim:

> This argument was not strongly supported by the evidence, which indicated that Stakley contacted and cooperated with the police, received an injury to his head that was consistent with his account of the events, and that two guns were used during the shooting.  Although Stakley had gunshot residue on his hands and face, as well as blood, testimony indicated that he could have acquired the residue when he tried to resuscitate Mumford.  Because the evidence did not credibly suggest that Stakley was responsible for the shooting, defense counsel was not ineffective for failing to pursue that theory.

*Hawthorne,* Slip. Op. at 6.

Little, if any, evidence supported a defense that Stakley murdered Mr. Mumford. Stakley called the police and was cooperative.  Stakley had an injury to his head which was consistent with his story.  The evidence established that two shooters were involved. Although Stakley had gunshot residue and Mr. Mumford's blood on his body, witnesses testified that Stakley could have come into contact with this when he attempted to

17

resuscitate Mr. Mumford.  Since there was little or no evidence linking Stakley to the

murder, trial counsel was not ineffective in failing to pursue a third party culpability

defense. *See e.g. Robins v. Fortner,* 698 F. 3d 317, 331 (6th Cir. 2012).  Petitioner is not

entitled to habeas relief on his ineffective assistance of trial counsel claims.

In his eighth claim, Petitioner alleges that he was denied the effective assistance

of appellate counsel.

The Sixth Amendment guarantees a defendant the right to the effective assistance

of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985).

However, court appointed counsel does not have a constitutional duty to raise every

nonfrivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

Petitioner does not specify the grounds in which appellate counsel was

ineffective.  Petitioner only properly exhausted one ineffective assistance of appellate

counsel claim in the state courts.   In his motion for relief from judgment, Petitioner

claimed that appellate counsel was ineffective for failing to challenge Petitioner's

conviction on the ground that he had not been indicted by a grand jury.  To the extent

that Petitioner raises additional ineffective assistance of appellate counsel claims, these

claims are unexhausted and procedurally defaulted. (See Section E, *infra*).

The Michigan constitution does not guarantee the right to indictment by grand

jury; rather, indictment by grand jury is merely an alternative charging procedure created

by the Michigan Legislature. *See People v. Glass*, 464 Mich. 266, 267; 627 N.W.2d 261

(2001). The Grand Jury Clause of the Fifth Amendment of the United States Constitution does not apply to the states. *See Williams v. Haviland*, 467 F. 3d 527, 531 (6th Cir. 2006). The prosecutor was not required under federal or state law to obtain an indictment from a grand jury in order to try and convict Petitioner. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)). Petitioner had no right to a grand jury, thus, appellate counsel was not ineffective in failing to raise this claim on Petitioner's direct appeal.

### C. Claim # 4. Double Jeopardy.

Petitioner claims that his Double Jeopardy rights were violated when he was convicted of two counts of first-degree murder involving one victim.

The Michigan Court of Appeals remanded the case to the trial court to modify Petitioner's conviction and sentence to reflect a single conviction for first-degree murder supported by alternative theories of premeditated murder and felony murder. *Hawthorne,* No. 280289, Slip. Op. at 12. Petitioner's judgment of sentence was modified to reflect one conviction for first-degree murder.

Petitioner's Double Jeopardy claim is moot. Petitioner received all the relief to which he was entitled for this error when the Michigan Court of Appeals ordered that the judgment of sentence be amended to reflect one first-degree murder conviction. *See Tiggart v. Robinson*, 36 Fed. Appx. 750, 751 (6th Cir. 2002).

19

**D.  Claim # 6.  Discovery violation.**

Petitioner claims that prior to trial the prosecutor failed to disclose six disks containing recordings of Petitioner's telephone calls from the jail.

Suppression by the prosecution of evidence favorable to the defendant upon request violates due process, where the evidence is material to either guilt or punishment of the defendant, regardless of the good or bad faith of the prosecution. *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

There are three components of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the state, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).

Petitioner failed to show that counsel did not receive these recordings prior to trial.  More importantly, Petitioner does not allege that these disks contained exculpatory material.  A habeas petitioner must prove that evidence that is required to be disclosed to him under *Brady* was not disclosed to him. *See Coe v. Bell*, 161 F. 3d 320, 344 (6th Cir. 1998).  Allegations that are merely conclusory or which are purely speculative cannot support a *Brady* claim. *Burns v. Lafler,* 328 F. Supp. 2d 711, 724 (E.D. Mich. 2004). "[M]ere speculation that a government file may contain *Brady* material is not sufficient" to prove a due-process violation. *United States v. Driscoll*, 970 F. 2d 1472, 1482 (6th Cir.

20

1992), *abrogated on other grounds by Hampton v. United States*, 191 F. 3d 695 (6th

Cir.1999).  Petitioner did not show that these recordings exculpated him of this crime,

thus, he is not entitled to habeas relief. *Burns,* 328 F. Supp. 2d at 724.

### F. Claims # 8-12.  Procedural default.

Respondent contends that Petitioner's remaining claims are procedurally

defaulted because he did not properly exhaust them in the state courts and no longer has

a remedy with which to exhaust these claims.

A state prisoner seeking federal habeas relief must first exhaust his available state

court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c);

*Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Foster v. Withrow,* 159 F. Supp. 2d

629, 638 (E.D. Mich. 2001).  A prisoner confined pursuant to a Michigan conviction

must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan

Supreme Court before seeking federal habeas corpus relief. *See Mohn v. Bock,* 208 F.

Supp. 2d 796, 800 (E.D. Mich. 2002).  The exhaustion doctrine, in the context of habeas

cases, turns upon whether there are available state court procedures for a habeas

petitioner to exhaust his claims. *See Adams v. Holland,* 330 F. 3d 398, 401 (6th Cir.

2003).

Petitioner raised a claim in his motion for relief from judgment that his rights

were violated when he was tried, convicted, and sentenced without first being indicted

by a grand jury; that trial counsel was ineffective for failing to move for dismissal of the

21

charges on this basis; and, appellate counsel was ineffective for failing to raise this claim on his direct appeal. [3] Petitioner did not raise the substance of his ninth through twelfth claims in his motion for relief from judgment before the trial court.

To the extent Petitioner seeks relief in his eighth claim on additional ineffective assistance of appellate counsel claims, these were also not raised in the motion for relief from judgment in the trial court. Petitioner raised these remaining claims for the first time in the post-conviction appeal that he filed with the Michigan appellate courts.

In order to properly exhaust a claim on state post-conviction review, a habeas petitioner is required to present that claim in his post-conviction motion before the state trial court and in his post-conviction appeal to the state's appellate courts. *See Smith v. Gaetz,* 565 F.3d 346, 352 (7th Cir. 2009); *See also Drake v. Wyrick*, 640 F. 2d 912, 916 (8th Cir. 1981)(petitioner failed to exhaust claim, where he did not assert claim in his post-conviction motion, raising it for the first time on the appeal of the denial of his post-conviction motion); *Lesure v. Atchison,* 891 F. Supp. 2d 920, 925-26 (N.D. Ill. 2012)(petitioner's claim was procedurally defaulted, where petitioner failed to present claim in his post-conviction petition before the state trial court); *Middlebrook v. Carroll,* 470 F. Supp. 2d 411, 420 (D. Del. 2007)(habeas petitioner procedurally defaulted his claim where petitioner presented claim to state appellate court on post-conviction appeal without first presenting it to state trial court in his motion for post-conviction relief).

---

[3] *See* Motion for Relief From Judgment. [Dkt. # 9-15].

22

Petitioner's remaining claims are not exhausted, since they were not presented in Petitioner's post-conviction motion for relief from judgment before the trial court and were raised only for the first time in the application for leave to appeal to the Michigan Court of Appeals. *See Ceasar v. Warren,* No. 06–CV–15294, 2009 WL 1543327, Slip. Op. at 4 (E.D. Mich. June 2, 2009)*; West v. Jones*, No. 06–CV–12057, 2008 WL 1902063, Slip. Op. at 11–12 (E.D. Mich. April 29, 2008); *Dorch v. Smith*, No. 01–CV–71206–DT, 2002 WL 32598987, Slip. Op. at 19 (E.D. Mich. Sept.11, 2002); *aff'd* 105 Fed. Appx. 650 (6th Cir. 2004); *Kincade v. Stegall,* No. 99–CV–76350–DT; 2001 WL 279751, Slip. Op. at 5 (E.D. Mich. January 23, 2001). [4]

Petitioner has no available state court remedies with which to exhaust these claims.  Under M.C.R. 6.502(G)(1), a criminal defendant in Michigan is only permitted to file one post-conviction motion for relief from judgment. *See Gadomski v. Renico,* 258 Fed. Appx. 781, 783 (6th Cir. 2007); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999).  If a prisoner fails to present his claims to the state courts and he is now barred from pursuing relief there, his petition should not be dismissed for lack of exhaustion because there are simply no remedies available for him to exhaust.  However,

---

[4]   Any additional ineffective assistance of appellate counsel claims that Petitioner may be attempting to raise in his eighth claim are different than the ineffective assistance of appellate counsel claim raised in Petitioner's post-conviction motion for relief from judgment in the trial court, thus, these claims were not fairly presented to the state courts. *See Caver v. Straub,* 349 F. 3d 340, 346-47 (6th Cir. 2003).  For purposes of federal habeas review, exhaustion requires that a claim raised in a habeas petition must be presented to the state courts under the same theory in which it is later presented in federal court. *See Williams v. Bagley,* 380 F. 3d 932, 969 (6th Cir. 2004).  A claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his claim in the state courts. *See Hicks v. Straub,* 377 F. 3d 538, 552 (6th Cir. 2004).

the prisoner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal. *Hannah v. Conley*, 49 F.3d 1193, 1195-96 (6th Cir. 1995).  A claim of actual innocence will excuse this "cause and prejudice" requirement. *Id.* at 1196, n. 3.

Petitioner did not offer any reasons for failing to present his remaining claims in his motion for relief from judgment before the trial court.  Petitioner did not demonstrate any cause for his procedural default; thus, it is unnecessary to reach the prejudice issue regarding the unexhausted portion of his eighth claim, and his ninth through twelfth claims. *Smith v. Murray*, 477 U.S. 527, 533 (1986).

Petitioner did not present any new reliable evidence to support any assertion of innocence which would allow this Court to consider these procedurally defaulted claims as a ground for a writ of habeas corpus.  Petitioner's sufficiency of evidence claims are insufficient to invoke the actual innocence doctrine to the procedural default rule. *See Malcum v. Burt,* 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003).  Petitioner has not presented any new reliable evidence that he is innocent of these crimes; a miscarriage of justice will not occur if the Court declined to review Petitioner's procedurally defaulted claims on the merits. *See Campbell v. Grayson,* 207 F. Supp. 2d 589, 597-98 (E.D. Mich. 2002).

## IV.  Conclusion

24

The Court denies the petition for writ of habeas corpus.  The Court also denies a certificate of appealability to Petitioner.  To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court denies Petitioner a certificate of

appealability; he failed to make a substantial showing of the denial of a federal constitutional right. *See Siebert v. Jackson,* 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002).

Although this Court denies a certificate of appealability, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is lower than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002).  While a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a).  "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765.  Although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *Id.*

## V.  <u>ORDER</u>

**The Court DENIES** the Petition for Writ of Habeas Corpus and a Certificate of Appealability**.**

Petitioner is **GRANTED** leave to appeal *in forma pauperis.*

<u>S/Victoria A. Roberts</u>
Victoria A. Roberts
United States District Judge

26

Dated:  November 26, 2013

The undersigned certifies that a copy of this
document was served on the attorneys of record
by electronic means or U.S. Mail on November
26, 2013.

S/Linda Vertriest
Deputy Clerk